**Patricia G. NELSON, et al., Plaintiffs,**

v.

**A.E. MINNER, in his official capacity as Clerk of the Iowa District Court for Marshall County, Defendant.**

**Civ. No. 84–225–B.**

United States District Court, S.D. Iowa, C.D.

March 8, 1985.

Mark W. Bennett, Babich, Bennett & Nickerson, Des Moines, Iowa, for plaintiffs.

Philip L. Krejci, Marshall County Atty., Marshalltown, Iowa, for defendant.

## MEMORANDUM OPINION, RULING ON MOTIONS, AND ORDER OF DISMISSAL

VIETOR, District Judge.

The court has before it plaintiffs' and defendant's motions for summary judgment.

In this action under 42 U.S.C. § 1983, plaintiffs present the question of whether Iowa Code § 595.11 (1983), which imposes a monetary forfeiture upon parties to a marriage which is not solemnized in the manner prescribed by statute, violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.[1]

### FACTS

The material facts are not in dispute. On June 3, 1983, plaintiffs received a marriage license from the office of defendant Minner, the Marshall County Clerk of Court. Plaintiffs married one another on June 11, 1983, in a ceremony without the solemnization services of a judicial officer or minister of the gospel as required by Iowa Code § 595.10 (1983).[2] They have

---

1. Plaintiffs' complaint also raises a Fourteenth Amendment Due Process challenge to § 595.11, but plaintiffs' counsel has advised the court that the due process claim is withdrawn.

2. Iowa Code § 595.10 (1983) provided:
   Marriages must be solemnized by:
   1. A judge of the supreme court, court of appeals, or district court, including a district associate judge, or a judicial magistrate.

2. Some minister of the gospel, ordained or licensed according to the usages of his denomination.
   Section 595.10 was amended, effective July 1, 1983, to read:
   Marriages may be solemnized by:
   1. A judge of the supreme court, court of appeals, or district court, including a district associate judge, or a judicial magistrate.

never claimed that they are entitled to the benefit of Iowa Code § 595.17 (1983), which exempts "members of a denomination having an unusual mode of entering the marriage relation" from the requirements of § 595.10. Plaintiffs made a return of the marriage certificate to the defendant explaining that the ceremony was solemnized without the services of a judicial officer or minister of the gospel. Defendant then informed plaintiffs that their marriage could not be recorded until defendant received the forfeiture provided by Iowa Code § 595.11 (1983), which provides:

> Marriages solemnized, with the consent of parties, in any other manner than as herein prescribed, are valid; but the parties thereto, and all persons aiding or abetting them, shall forfeit to the school fund the sum of fifty dollars each; but this shall not apply to the person conducting the marriage ceremony, if within fifteen days thereafter he makes the required return to the clerk of the district court.

Plaintiffs refused, and continue to refuse, to pay the forfeiture, and defendant refused, and continues to refuse, to file the certificate of marriage.

### LAW

Plaintiffs contend that the monetary forfeiture statute infringes their constitutional right to marry, and that there is no rational basis for the statute so as to justify it under the state's power to control the forms or procedures necessary to solemnize marriages. Defendant contends that there is a rational basis for the forfeiture statute.

Marriage is a fundamental right within the protective ambit of the Equal Protection clause of the Fourteenth Amendment. *Zablocki v. Redhail*, 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978). However, "[b]y reaffirming the fundamental character of the right to marry, we do not mean to suggest that every state regulation which

relates in any way to the incidents of or prerequisites for marriage must be subjected to rigorous scrutiny. To the contrary, reasonable regulations that do not significantly interfere with decisions to enter into the marital relationship may legitimately be imposed." *Id.* at 386, 98 S.Ct. at 681.

Among the marriage matters that may be controlled by the state are the forms and procedures necessary to solemnize marriages. *Salisbury v. List*, 501 F.Supp. 105, 107 (D.Nev.1980); *O'Neill v. Dent*, 364 F.Supp. 565, 568 n. 6 (E.D.N.Y.1973). Under Iowa law persons desiring to marry need only appear before a judge or religious leader (and perhaps pay a small fee) for solemnization of their marriage without forfeiting money under § 595.11. This statutory provision does not "significantly interfere" with the right to marry; therefore, it is valid if supported by any rational basis.

Defendant asserts in paragraphs 24–27 of his answer the following matters as providing a rational basis for the monetary forfeiture statute:

> Save, perhaps, for certificates of birth or death, no record effects property rights of persons as significantly as the certificate of marriage.

> The purpose of the certificate of marriage is to prove that the event which it records actually occurred.

> The state, and all of its citizens, have a substantial interest in maintaining the integrity of the process for recording marriages and the records that relate to the significant property rights effected. Such property rights should be easily and clearly determinable from public records.

> Proof that a marriage occurred can best be provided by persons knowledgeable or trained in the recordkeeping process. * * Thus, in an effort to encourage solemnization of marriages by persons so

---

2. A person ordained or designated as a leader of the person's religious faith. 1983 Iowa Acts ch. 159; 1983 Iowa Code Supp. § 595.10. The amendment is not involved in

this case because it became effective shortly after the date of plaintiffs' marriage.

trained or knowledgeable, a small civil penalty is imposed when a different method is employed.

Defendant urges that the recited matters demonstrate that the challenged statute bears a rational relationship to the need to clearly establish property rights.

As the Supreme Court noted in *Maynard v. Hill,* 125 U.S. 190, 211, 8 S.Ct. 723, 729, 31 L.Ed. 654 (1888), the marriage relationship creates new legal rights and obligations for the parties, and is a relationship in which "the public is deeply interested, for it is the foundation of the family and of society, without which there would be neither civilization nor progress."

Much that is important depends on the accuracy of the information contained in the return of a marriage certificate. Paramount, of course, is the recitation that the marriage actually was entered into. Accuracy of the date of the marriage is also important. (For example, surviving spouse's pension benefits often depend on the length of the marriage.) The state is entitled to do what is reasonable to assure the accuracy of the information reflected on the return of a marriage certificate.

The court concludes that the forfeiture required by Iowa Code § 595.11 (1983) for marriages not solemnized in accordance with law is rationally related to maintaining the integrity of marriage records. It encourages solemnization of marriages by judicial officers or religious leaders—individuals that the state can reasonably expect to provide accurate returns of marriage certificates. No denial of equal protection resulted to plaintiffs from defendant's application of the forfeiture statute.

RULING AND ORDER OF DISMISSAL

Plaintiffs' motion for summary judgment is denied. Defendant's motion for summary judgment is granted, and it is ordered that plaintiff's complaint be dismissed.

ATTORNEY'S FEES REQUEST

■ Defendant, who is the prevailing party, seeks attorney's fees under 42 U.S.C. § 1988.

"A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart,* 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983). This is not such a case and defendant's request is denied.